# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2100 | **DATE** | 11/1/2000 |
| **CASE TITLE** | Larson et al vs. McCoy, Jr. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter **MEMORANDUM, OPINION AND ORDER: The motion to dismiss, brought by defendants Bank One Corporation, Lehmann, Vitale, Istock, McMennamin, Boardman and McCoy, is granted in part and denied in part.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | NOV 0 6 2000 | |
| ✓ | Docketing to mail notices. | date docketed | 6 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TSA | courtroom deputy's initials | 00 NOV -3 PM 4: 22 | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EVERGREEN FUND, LTD., OLE W. LYNGKLIP, JR., PERRY MOUNT PARK CEMETERY, INC., and DR. L. REYNOLDS & ASSOCIATES, P.C. PROFIT SHARING TRUST on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN B. McCOY, JR., RICHARD J. LEHMANN, DAVID J. VITALE, VERNE G. ISTOCK, MICHAEL J. McMENNAMIN, WILLIAM P. BOARDMAN, and BANK ONE CORPORATION,<br><br>Defendants. | Case No. 00 C 0767<br><br>Judge Wayne R. Andersen |
| JUNE McPHERSON, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN B. McCOY, JR., RICHARD J. LEHMANN, DAVID J. VITALE, VERNE G. ISTOCK, MICHAEL J. McMENNAMIN, WILLIAM P. BOARDMAN, and BANK ONE CORPORATION,<br><br>Defendants. | Case No. 00 C 1357<br><br>Judge Wayne R. Andersen |

DOCKETED
NOV 0 6 2000



| | |
|---|---|
| MAX GRILL, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiffs, | ) Case No. 00 C 1359 ) |
| v. | ) Judge Wayne R. Andersen ) |
| JOHN B. McCOY, JR., RICHARD J. LEHMANN, DAVID J. VITALE, VERNE G. ISTOCK, MICHAEL J. McMENNAMIN, WILLIAM P. BOARDMAN, and BANK ONE CORPORATION, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

| | |
|---|---|
| HARRY R. LARSON, FRANK F. VILLIANO, ELECTRONIC PROCESSING SOURCE, INC., TTEE FRANK F. VILLIANO, and ROBERT J. MURPHY, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) |
| Plaintiffs, | ) Case No. 00 C 2100 ) |
| v. | ) Judge Wayne R. Andersen ) |
| BANK ONE CORPORATION, JOHN B. McCOY, RICHARD J. LEHMANN, MICHAEL J. McMENNAMIN, WILLIAM P. BOARDMAN, DAVID J. VITALE, and VERNE G. ISTOCK, | ) ) ) ) ) |
| Defendants. | ) ) ) |



| MARK BRUMLIK, GEORGIA DURAN, and KEVIN SANDAL, individually and on behalf of themselves and all others similarly situated, | ) ) ) ) ) |
|---|---|
| Plaintiffs, | ) ) ) Case No. 00 C 2109 |
| v. | ) ) Judge Wayne R. Andersen |
| JOHN B. McCOY, JR., RICHARD J. LEHMANN, DAVID J. VITALE, VERNE G. ISTOCK, MICHAEL J. McMENNAMIN, WILLIAM P. BOARDMAN, and BANK ONE CORPORATION, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the Consolidated Motion to Dismiss brought by defendants Bank One Corporation, Richard J. Lehmann, David J. Vitale, Verne G. Istock, Michael J. McMennamin, William P. Boardman, and John B. McCoy. In the consolidated motion, defendants seek the dismissal of five class action complaints currently pending before this court. This opinion will address Evergreen Fund, Ltd. et al. v. McCoy, Case No. 00 CV 767, McPherson V. McCoy, 00 CV 1357, Grill v. McCoy, 00 CV 1359, Larson et al. v. Bank One Corporation, 00 CV 2100, and Brumlik et al. v. McCoy, 00 CV 2109. Defendants seek to dismiss the complaints because they allege that: (1) plaintiffs fail to state a claim under Fed. R. Civ. P. 9(b), (2) plaintiffs fail to state a claim under Fed. R. Civ. P. 12(b)(6), (3) the allegations involving forward looking statements are not actionable, (4) the Larson Complaint fails to allege loss causation, (5) plaintiffs failed to allege tender or sale of their shares, (6) the claims in the Brumlik Complaint do not satisfy Fed. R. Civ. P. 9(b), and (7) plaintiffs' claims

3

under Section 15(a) of the Securities Act and Section 20(a) of the Exchange Act fail to allege a predicate violation. For the following reasons, defendants' motion to dismiss is granted in part and denied in part.

## BACKGROUND

These allegations are drawn from the five Complaints identified above. The background allegations in the Complaints are virtually identical. This dispute arises from the October 2, 1998, merger between First Chicago NBD ("FCN") and Banc One Corporation ("Old Banc One"). This litigation concerns alleged misrepresentations related to Old Banc One's credit card division, First USA Bank.

In preparation for the merger, Old Banc One and FCN filed a joint Registration Statement pursuant to Section 6 of the Securities Act, 15 U.S.C. § 77f. In documents incorporated by reference, the corporations noted "that the generation of new credit card business remained very strong," increasing at an average rate of two million new credit card accounts per quarter. The Registration Statement also included financial statements, which reflected "enormous growth" in First USA's credit card business for the most recent fiscal year (1997) and the first and second quarters of 1998. Plaintiffs allege that the market viewed the First USA credit card business as a major asset and strength of Old Banc One.

The defendants also issued a Merger Proxy/Prospectus to solicit votes to approve the merger on July 31, 1998. In the prospectus, defendants stated that the combined corporation would be "one of the largest credit card businesses in the country." The prospectus incorporated by reference the Form 10-K for the year ending on December 31, 1997, and the Form 10-Q for the first quarter ending on March 31, 1998. In the prospectus, defendants

4

noted that "such financial statements, in the opinion of Banc One management, contain the adjustments, all of which are normal and recurring in nature, necessary to present fairly Banc One's consolidated financial position, results of operations, and change in cash flows."

Plaintiffs also allege that one or more consumer class action lawsuits alleging illegal credit practices had been filed against First USA before the Merger became effective. The existence of the lawsuits was not disclosed in the Registration Statement and Merger Proxy/Prospectus. In those documents, defendants represented that neither Bank One nor its subsidiaries were a party to any pending threatened material legal proceedings.

Plaintiffs allege that the statements misrepresented or omitted material facts regarding the success of the business and operations of First USA. First, plaintiffs allege that the statements failed to alleges that First USA achieved its growth through practices which allegedly violated the federal Truth in Lending Act ("TILA"), including improper billing procedures and charging of excessive late fees and interest to its credit card customers. Second, plaintiffs allege that defendants issued financial statements that did not comply with generally accepted accounting principles ("GAAP").

As a result of these alleged misstatements, plaintiffs state that they approved the merger and acquired Bank One shares at an artificially inflated price. On August 24, 1999, defendants began a series of disclosures, which plaintiffs allege revealed the truth about First USA. Bank One issued a press release announcing preliminary earnings for the third quarter and full year of 1999. In the release, Bank One reported that based on "revised outlooks" it anticipated earnings to be down 7-8% from the current market estimates. Bank One stated that the revised earnings outlook was solely the result of changes in growth for First USA.

5

Plaintiffs allege that during a conference call on August 25, 1999, certain defendants explained that Bank One would cease First USA's practice of "accelerating" credit card late fees and would provide credit card customers "interest rate concessions" related to First USA's past activities. These measures were allegedly expected to negatively impact earnings by at least $500 million. Plaintiffs alleged that the market found the news material. On August 25, 1999, the price of Bank One common stock fell 22.3% per share from the previous day's closing price. The volume of trading was more than 15 times the daily average trading volume for the previous 52-week period.

On November 1, 1999, Kiplinger's Personal Finance Magazine reported that government regulators were investigating thousands of complaints by First USA credit card holders. Plaintiffs allege that the complaints concerned practices that existed before the merger. The article reported that the allegedly illegal practices had existed since 1997.

On November 10, 1999, Bank One announced that earnings would be as much as 15% lower than the revised expectations. Plaintiffs allege that the shortfall was attributed to the performance of First USA. As a result, the price of Bank One stock dropped 11.5% from its previous day's close.

On December 31, 1999, John B McCoy, Bank One's Chairman and Chief Executive Officer, resigned. Plaintiffs allege that he resigned as a result of the disclosures of improprieties at First USA.

On January 11, 2000, Bank One announced that earnings for 1999 would be as much as 18% less than analysts had expected and the profits for 2000 would drop sharply. Plaintiffs allege that the earnings drop was attributable to the allegedly illegal credit card

practices. Bank One also announced that it would take a $725 million charge in the fourth quarter of 1999, largely to restructure the credit-card division.

The Evergreen, McPherson, Grill and Brumlik Complaints all seek the certification of a Class:

> consisting of all persons and entities who exchanged their FCN common stock for shares of Bank One common stock, pursuant to the Registration Statement and Merger Proxy/Prospectus, in connection with the Merger. Excluded from the Class are defendants, members of the Individual Defendants' families; any entity in which any defendant has a controlling interest or is part or subsidiary of, or is controlled by, the Company; and the officers, directors, affiliates, legal representatives, heirs, predecessors, successors and assigns of any of the defendants.

The Larson Complaint seeks the certification of a Class comprised of:

> all persons and entities who acquired Bank One securities as a result of the conversion of Old Banc One securities or the exchange of FCN securities pursuant to the Registration Statement and Merger Proxy/Prospectus, and who were damaged thereby (the "Class"). Excluded from the Class are the Individual Defendants, Robert W. Vague ("Vague"), members of the Individual Defendants' immediate families, members of Vague's immediate family, any entity in which any defendant or Vague has a controlling interest, and the legal representatives, heirs, successors or assigns of any such excluded person.

In Count I, all five Complaints allege an action against Bank One for violations of Section 11 of the Securities Act, 15 U.S.C. § 77k, on behalf of FCN securities holders who exchanged FCN common stock at a 1.62 shares of Bank One stock per share of FCN stock. Plaintiffs allege that defendants overstated earnings in the credit card division, failed to comply with generally accepted accounting practices, and failed to disclose material information with regard to the purported growth of the First USA credit card operation. As a result, plaintiffs allege that they received too few shares of Bank One stock in exchange for their FCN stock.

7

In Count II, all five Complaints allege an action against the individual defendants for violations of Section 11 of the Securities Act on behalf of FCN securities holders. Plaintiffs allege that the individual defendants overstated the earnings of the credit card division and failed to disclose material information related to the growth of the First USA credit card operation.

In Count III, all five Complaints allege an action against Bank One for violations of Section 12(a)(2) of the Securities Act. 15 U.S.C. §77l(a)(2). The Evergreen, McPherson, Grill and Brumlik Complaints make the allegation on behalf of class members who exchanged FCN securities for Bank One securities. The Larson Complaint also makes the allegations on behalf of class members who exchanged Old Banc One securities for new Bank One securities. Plaintiffs allege that the Registration Statement and Merger Proxy/Prospectus contained materially false and misleading statements. Plaintiffs allege that Bank One breached its duty to make a reasonable and diligent investigation of the statements contained in the document.

In Count IV, all five Complaints allege an action against the individual defendants for violations of Section 15 of the Securities Act. 15 U.S.C. § 77(o). The Larson Complaint makes the allegation on behalf of former FCN and Old Banc One securities holders, while the other four Complaints make the allegation only on behalf of former FCN securities holders. Plaintiffs allege that the individual defendants failed to make a reasonable investigation of either the Registration Statement or the Merger Proxy/Prospectus. Therefore, plaintiffs allege that each of the individual defendants are jointly and severally liable with Bank One.

8

In Count V, the Brumlik Complaint alleges an action against all defendants for violations of Section 14(a) of the Exchange Act, 15 U.S.C. § 78n(a), and Rule 14a-9, 17 C.F.R. § 240.14a-9, on behalf of FCN shareholders who acquired Bank One stock. The Brumlik plaintiffs allege that the defendants solicited proxies through the use of false and materially misleading statements.

In Count VI, the Brumlik Complaint alleges an action against the individual defendants for a violation of Section 20 of the Exchange Act. 15 U.S.C. § 78t(a). The Brumlik plaintiffs allege that each of the individual defendants was a controlling person within the meaning of Section 20 of the Exchange Act. The Brumlik plaintiffs allege that none of the individual defendants made a reasonable investigation of the statements contained in the Registration statements and Merger Proxy/Prospectus to determine whether they were true and devoid of any omission of material facts. Therefore, the Brumlik plaintiffs argue that each of the individual defendants is jointly and severally liable with Bank One.

## DISCUSSION

### I. Pleading Standard

As a preliminary matter, we must determine whether plaintiffs' Complaints should be reviewed by reference to the heightened pleading standards in Fed. R. Civ. P. 9(b). Several courts in this Circuit and other Circuits have reviewed this question, but the answer is not clear. In Sears v. Likens, the Seventh Circuit found that plaintiffs' claims under §§ 5, 12(1), 12(2), 15, and 17(a) of the Securities Act of 1933 "failed to state with particularity how any 'prospectus' was 'false and misleading' as required by Fed. R. Civ. P. 9(b)." Sears, 912 F.2d 889, 892 (7th Cir. 1990). Two District Court decisions have analyzed the Sears decision.

Judge Coar's opinion, <u>In re First Merchants Acceptance Corporation Securities Litigation</u>, held that "the court in Sears was not asked to, nor did it, determine whether Rule 9(b) properly applied to § 11 claims, which do not require scienter for liability." <u>In re First Merchants Acceptance Corporation Securities Litigation</u>, 1998 WL 781118, *11 (N.D. Ill. 1998).

In <u>Danis</u>, Judge Conlon held that plaintiffs alleging violations of §§ 11 and 12 do not need to comply with 9(b)'s heightened pleading standard. <u>Danis v. USN Communications Inc.</u>, 73 F. Supp. 2d 923, 932 (N.D. Ill. 1999). However, she determined that the standard was irrelevant because the Complaint before her satisfied the heightened pleading standard. <u>Id</u>.

We agree. If a Complaint does not "sound in fraud," plaintiffs should not be required to plead particular facts to support §§ 11 or 12. <u>In re Nations Mart Corp. Securities Litigation</u>, 130 F.3d 309, 315 (8th Cir.), <u>cert. denied</u>, 524 U.S. 927 (1998). However, if plaintiffs make allegations that amount to fraud, then they must meet the Rule 9(b) heightened pleading standards. <u>Shaw v. Digital Equipment Corp.</u>, 82 F.3d 1194, 1223 (1st Cir. 1996). Therefore, we must determine whether the instant Complaint "sounds in fraud."

Defendants argue that the Complaint "sounds in fraud" because of the references to the underlying alleged TILA violations. We disagree. The TILA violations, the only allegations in the Complaint which allege fraud, merely form the background for the plaintiffs' allegations. Plaintiffs allege that the individual defendants failed to make "a reasonable investigation or possessed reasonable ground for the belief that the statements described herein, which were contained in the Registration Statement and the Merger

Proxy/Prospectus, were true, were without omission of any material facts, and/or were not misleading." The allegations do not contain references to fraud. Therefore, the instant Complaint does not "sound in fraud."

Furthermore, plaintiffs have met the heightened pleading standard. To meet the particularity requirements of Rule 9(b), a Complaint must specify the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff. Sears, 912 F.2d at 892. Plaintiffs have referenced specific statements contained in the Registration Statement, the Merger Proxy/Prospectus, Old Banc One's 1997 Form 10-K, and the first and second quarter Forms 10-Q. Furthermore, the plaintiffs allege that the defendants signed the Registration Statement and Merger Proxy/Prospectus. Therefore, plaintiffs have satisfied the heightened pleading standard of Rule 9(b).

## II.   12(b)(6) Motion to Dismiss

### A.   Plaintiffs' Reliance on Post Hoc Allegations

Defendants argue that plaintiffs have failed to adequately allege that First USA violated TILA because they relied on post hoc statements and "falsity by hindsight" reasoning. A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests whether the plaintiff has stated a claim, not whether the plaintiff will prevail on the merits. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In deciding a motion to dismiss, the court must assume all facts in the complaint to be true, construe the allegations liberally, and view the allegations in a light most favorable to the plaintiff. Caremark, Inc. v. Coram Healthcare Corp., 113 F.3d 645, 648 (7th Cir. 1997). The court may dismiss a complaint for failure to state a claim under Rule 12(b)(6)

only if it is clear that no relief could be granted under any set of facts consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Defendants argue that plaintiffs allegations fail to show that First USA violated TILA. Plaintiffs present several allegations describing evidence of First USA's alleged TILA violations. Plaintiffs allege that First USA did not enable customers to make conforming payments to avoid impositions of late fees, did not enable customers to determine by which date credit card holders were required to make payments to First USA, and did not credit payments as of the date of receipt. Plaintiffs allege that First USA admitted the violations in late 1999. Further, plaintiffs reference an article in Kiplinger's Personal Finance Magazine. Plaintiffs allege that the article traces this activity back to 1997. Plaintiffs also allege that complaints about First USA tripled in 1999. Finally, plaintiffs allege the existence of at least three consumer fraud class action lawsuits.

Defendants argue with the substance of all of plaintiffs' allegations. Defendants state that they did not admit the violations, the change in First USA policies does not amount to an admission of wrongdoing, and that the employees interviewed for the Kiplinger article could not provide the basis for the Complaint. In evaluating this motion to dismiss, however, we must assume that all allegations in the Complaint are true. If plaintiffs do not have evidence to support their allegations, that First USA engaged in a plan to artificially boost its revenues in violation of TILA, then we will consider that failure when analyzing a motion for summary judgment. Taken in the light most favorable to the plaintiff, the Complaints sufficiently allege underlying TILA violations.

### B. Failure to Allege Materiality of First USA to Old Banc One

Defendants argue that plaintiffs have failed to allege that the TILA violations were so widespread as to be material to the overall financial condition of Old Banc One. We disagree. The Complaints clearly allege a connection between the disclosures of revised First USA revenue and a precipitous drop in the value of Bank One shares.

### C. Failure to Allege GAAP Violations With Particularity

Defendants argue that plaintiffs have failed to allege facts which raise an inference of violations of generally accepted accounting principles. Plaintiffs allege that defendants recognized revenues that they were not entitled to recognize in preparing the Registration Statement and Merger Proxy/Prospectus. Plaintiffs have sufficiently alleged that First USA was engaging in TILA violations at the time of the merger and that defendants over-recognized revenues. Therefore, we deny the motion to dismiss.

### D. Forward Looking Statements

Defendants argue that plaintiffs' allegations involving forward looking statements are not actionable. Plaintiffs quote forward looking statements in their Complaints, but those statements are not the basis for their allegations. Plaintiffs allege that, in the Registration Statement and the Merger Proxy/Prospectus, defendants omitted and misstated material facts. Plaintiffs are not attempting to argue that statements, for example that the combined company would be "one of the largest credit card business[es] in the country", are actionable because they did not come true. Plaintiffs argue that defendants should have included notification that First USA would not continue to grow because the present growth was based on alleged TILA violations. Therefore, we will not dismiss the Complaints.

III. Loss Causation and the Larson Complaint

Defendants argue that the Larson Complaint should be dismissed in part for failure to establish loss causation. The Larson Complaint seeks certification of a class including both former FCN shareholders and former Old Banc One shareholders. Defendants argue that both groups could not have suffered damages because, if the FCN shareholders received too few shares in exchange for their FCN stock, then the Old Banc One shareholders received too many shares of the new Bank One.

Plaintiffs argue that loss causation, an affirmative defense, cannot be the basis of a motion to dismiss. We disagree. An affirmative defense will support a motion to dismiss under Rule 12(b)(6) when a plaintiff's allegations clearly point to the existence of the defense. Adamczyk v. Lever Brothers Co., 991 F. Supp. 931, 934 (N.D.Ill. 1997).

Plaintiffs' allegations, however, do not show that loss causation cannot be established. For example, if plaintiffs can show that the alleged omission resulted in a lower stock price than they would have received had the information about First USA been included in the Merger/Proxy Prospectus, then plaintiffs are entitled to recover. Because loss causation is an affirmative defense and the failure to show loss causation is not evident from the Larson plaintiffs' Complaint, we deny defendants' motion to dismiss.

IV. Plaintiffs' Failure to Allege Tender or Sale of Their Shares

Defendants argue that, other than the Larson Complaint, all plaintiffs have failed to allege tender or sale of their shares under Section 12(2). Section 12(a) directs that a person alleging a violation "may sue either in law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of

14

any income received thereon, upon the tender of such security, or for damages if he no longer owns the security." 15 U.S.C. § 77l(a)(2). The statute does not state a relevant time period for alleging tender or sale, but several courts have held that a complaint must make a proper allegation to withstand a motion to dismiss. Metz v. United Counties Bancorp, 61 F. Supp. 2d 364, 378 (D.N.J. 1999); Wigland v. Flotek Inc., 609 F.2d 1028, 1034 (2d Cir. 1979); Anisteld v. Cantor Fitzgerald & Co., 631 F. Supp. 1461, 1464 (S.D.N.Y. 1986). Therefore, defendants contend that we should dismiss the Counts alleging a violation of Section 12(2) in all Complaints that do not allege tender or sale of the securities.

Plaintiffs argue that the above cases are not on point because rescission is no longer possible. The consideration that plaintiffs paid for new Bank One stock is their FCN stock. Because defendants can not return FCN stock, plaintiffs argue that they should not have to allege a tender or sale of their shares of New Bank One. We disagree. Plaintiffs seek "damages to the extent permitted by law" in their Complaints. Under Section 12(2) they are eligible for either recission or damages. Plaintiffs have failed to provide this court with any precedent suggesting that if recission is not possible, then plaintiffs do not have to fulfill the requirement of alleging tender or sale of the shares. Therefore, we grant defendants motion to the extent that it seeks to dismiss the Counts alleging a violation of Section 12(2) from the Evergreen, Grill, McPherson and Brumlik Complaints. Those Counts will be dismissed.

V.  The Brumlik Complaint's Section 14(a) Claims

The Brumlik plaintiffs allege violations of the antifraud provisions of the Exchange Act. 15 U.S.C. § 78n(a), 17 C.F.R. § 240.14a-9. Defendants argue that Section 14(a) claims are governed by the pleading requirements of Fed.R.Civ.P. Rule 9(b) and the heightened pleading

requirements of the Reform Act, 15 U.S.C. § 87u-4(b)(1). This argument is analogous to the argument defendants advanced above. The Section 14(a) claims are based on the Section 11 and 12(2) claims. Defendants argue that the Section 14(a) claim should fail for the same reason as the Section 11 and 12(2) claims. We disagree. As noted above, plaintiffs' allegations do not sound in fraud. Therefore, the Complaint does not need to meet heightened pleading requirements. However, even if plaintiffs' allegations require pleadings with particularity, plaintiffs have satisfied the heightened pleading requirements of Rule 9(b). Therefore, we deny defendants' motion to dismiss.

VI.   Section 15 and 20 Claims

Plaintiffs assert claims under Section 15(a) of the Securities Act, 15 U.S.C. § 77o(a). The Brumlik plaintiffs also assert claims under Section 20(a), 15 U.S.C. § 78t(a) of the Exchange Act. Plaintiffs assert liability against the individual defendants as "controlling persons" who are jointly and severally liable for violations by persons under their control. Defendants, on the basis of their arguments above, argue that plaintiffs have failed to state a predicate violation. Because we have denied defendants' arguments above, plaintiffs have stated a predicate violation. Therefore, we deny this basis of the motion to dismiss.

## CONCLUSION

The motion to dismiss, brought by defendants Bank One Corporation, Lehmann, Vitale, Istock, McMennamin, Boardman and McCoy, is granted in part and denied in part. It is granted to the extent that it seeks to dismiss Counts III of the Evergreen Complaint, Count III of the McPherson Complaint, Count III of the Grill Complaint, and Count III of the Brumlik Complaint. Those Counts are dismissed. The motion to dismiss is denied in all other respects.

It is so ordered.

/Wayne R. Andersen
United States District Judge

Dated: November 1, 2000