Minute Order Form (01/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2100 | **DATE** | 6/19/2002 |
| **CASE TITLE** | Bank One Shareholders Securities vs. Litigation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For these reasons, we find that the Magistrate Judge Denlow's ruling was neither clearly erroneous nor contrary to law. Therefore, lead plaintiff's objections to Magistrate Judge Denlow's 4/17/2002 order are denied.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 21 2002 | |
| | Notified counsel by telephone. | | date docketed | 84 |
| ✓ | Docketing to mail notices. | | 15 | |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. Denlow | | | |
| TSA | courtroom deputy's initials /tsa | 02 JUN 20 AM 8:54 U.S. DISTRICT COURT CLERK Date/time received in central Clerk's Office | date mailed notice  mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE OLD BANC ONE SHAREHOLDERS )
SECURITIES LITIGATION )  File No. 00 C 2100
)
)  Wayne R. Andersen
)  District Judge
)

## MEMORANDUM, OPINION, AND ORDER

This case is before the Court on the objections of lead plaintiff Frank Villano to Magistrate Judge Denlow's Order of April 17, 2002. For the following reasons, the objections to Magistrate Judge Denlow's Order are denied.

## BACKGROUND

In his April 17, 2002 Order, Magistrate Judge Denlow denied lead plaintiff's motion to compel production of documents because:

> 1. The documents prepared in connection with the 'First USA/Sidley Austin Project' were prepared after the August 26, 1999 stock drop to examine specific legal issues in anticipation of possible relation unrelated to the Banc One/First Chicago merger that is the subject of this action. These documents constitute attorney work product.
>
> 2. Routine audit work or business reviews cannot be withheld under the attorney work product doctrine as this Court has previously made clear because they are not made in anticipation of litigation. Defendants are not withholding such documents relevant to the litigation.
>
> 3. The fact that Arthur Andersen was Banc One's regular auditor does not prevent them from being engaged to preform specific projects at the direction and under the supervision of Banc One's counsel in anticipation of litigation. Such is the case here.
>
> 4. Defendants' work product protection was not waived.

Plaintiff has filed objections to Magistrate Judge Denlow's April 17, 2002 Order. Plaintiff asks this Court to reverse Magistrate Judge Denlow's Order holding that certain documents prepared under the supervision of attorneys in anticipation of litigation, and that are unrelated to the matters at issue in this litigation, need not be produced. It should be noted that Magistrate Judge Denlow conducted an *in camera* review of the documents before issuing his decision.

## DISCUSSION

Magistrate Judge Denlow's Order is reviewed by this Court under the "clearly erroneous" or "contrary to law" standard. Fed.R.Civ.P. 72(a); 28 U.S.C. § 636 (b)(1)(A). The Seventh Circuit has explained the standard as follows:

> The district court's review of any discovery-related decisions made by the magistrate judge is governed by Rule 72(a) of the Federal Rules of Civil Procedure, which provides: 'The district court to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.' Fed.R.Civ.P. 72(a); *see also* 28 U.S.C. § 636(b)(1). The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.

*Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

We find that Magistrate Judge Denlow correctly held that the documents which plaintiff seeks are not relevant to this litigation and are protected from discovery by the attorney work product doctrine. First, the documents at issue were created well after the Banc One/First Chicago merger and do not refer, or relate back, to events prior to the merger. Based on Magistrate Judge Denlow's previous order defining the scope of discovery, the documents are not responsive and need not be produced. Second, as Magistrate Judge Denlow held, the documents at issue constitute attorney work product. Judge Denlow carefully considered the arguments of the parties and then conducted

2

an *in camera* review of some of the documents at issue. With the benefit of this record, Magistrate Judge Denlow rejected the same contentions that plaintiff has repeated here. We agree with this result.

## CONCLUSION

For these reasons, we find that Magistrate Judge Denlow's ruling was neither clearly erroneous nor contrary to law. Therefore, lead plaintiff's objections to Magistrate Judge Denlow's April 17, 2002 Order are denied.

Wayne R. Andersen
United States District Court

Dated: June 19, 2002