UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| IN RE OLD BANC ONE SHAREHOLDERS SECURITIES LITIGATION ) ) ) ) | Master File No. 00 C 2100<br>Judge Wayne R. Andersen<br>Magistrate Judge Morton Denlow |

## MEMORANDUM, OPINION AND ORDER

On August 18, 2005, Magistrate Judge Morton Denlow issued a Report and Recommendation recommending that Plaintiffs', Old Banc One Shareholders, motion for sanctions due to spoliation of evidence be granted and that, as a sanction, Bank One Corporation ("Bank One") is precluded at trial from cross-examining Plaintiffs' financial expert, Dr. Hitzig. This case is before the Court on the objections of the Old Banc One Shareholders to Judge Denlow's Report and Recommendation regarding Plaintiffs' motion for sanctions. Also before the Court is Bank One's response to the Report and Recommendation. For the following reasons, Plaintiffs' objections and Bank One's response are denied, and the Report and Recommendation is adopted by this Court in full.

### BACKGROUND

On October 2, 1998, Banc One Corporation ("Old Banc One") merged with First Chicago NBD, forming Bank One Corporation. Plaintiffs allege that the two companies made misrepresentations related to Old Banc One's credit card division, First USA Bank ("First USA"), which artificially inflated the stock price at the time of the merger. Plaintiffs allege that these misrepresentations damaged shareholders of both parent companies. During discovery, Plaintiffs requested documents to enable them to challenge the Bank's methodology and

calculations regarding the financial impact of the payment processing problem. Bank One could not produce many of these documents because the documents could not be found. Plaintiffs argue that Bank One has destroyed documents that the Plaintiffs have requested and that this destruction precludes Plaintiffs from adequately challenging the Bank's methodology and calculations regarding the financial impact of the payment processing problems. Plaintiffs claim that Bank One's retention policy permitted documents and data essential to their claims to be deleted or destroyed. As a result, Plaintiffs brought this motion for sanctions against Bank One claiming spoliation of evidence.

In their motion for sanctions due to spoliation of evidence, Plaintiffs argue that the appropriate remedy is a default judgment in their favor. In the alternative, Plaintiffs request a negative inference jury instruction which instructs the jury that it can draw a negative inference against Bank One that the financial statements were materially overstated.

Bank One argues that it has met its obligation to preserve documents relating to this litigation, it has produced enough information for the Plaintiffs to adequately challenge the remediation estimates and methodology, and the information which Plaintiffs seek is unnecessary to their case. Bank One admits, however, that many of these documents have not been produced despite their best efforts to locate them.

On August 18, 2005, Magistrate Judge Denlow issued his Report and Recommendation which recommended that Plaintiffs' motion for sanctions be granted. In his comprehensive Report and Recommendation, Judge Denlow ruled as follows:

1. Bank One had a duty to preserve several categories of documents the Plaintiffs have justifiably requested;

2. Bank One breached that duty to preserve because it had notice that the categories of documents listed were relevant. Bank One has not been able to produce these documents and thus it has breached its duty to retain these relevant documents;

3. The breach was not the result of willful document destruction or bad faith, but rather ineffective preservation policies, which rise to the level of fault;

4. Plaintiffs will suffer prejudice as a result of Bank One's breach of its preservation duties; and

5. The prejudice suffered by Plaintiffs can be remedied without imposing the draconian sanction of default judgment. Plaintiffs' prejudice can be remedied by disallowing Bank One from cross-examining Plaintiffs' financial expert, Dr. Hitzig.

Currently pending before the Court are Plaintiffs' objections to the Report and Recommendation and Bank One's response to the Report and Recommendation.

## DISCUSSION

A federal court may sanction a party for spoliation of evidence under either its inherent authority or under Federal Rule of Civil Procedure 37. *Chambers v. Nasco*, 501 U.S. 32, 50-51 (1991). A court may sanction a party pursuant to Rule 37 for discovery violations; however, these sanctions are limited to circumstances in which a party violates a court order or discovery ruling. *Brandt v. Vulcan, Inc.*, 30 F.3d 752, 756 n.7 (7th Cir. 1994). A Court's inherent authority, however, is based on the Court's power to manage and ensure the expeditious resolution of cases on its docket and is not limited to discovery violations. *Barnhill v. United States*, 11 F.3d 1360, 1367 (7th Cir. 1993).

The court has broad discretion to fashion an appropriate sanction. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642-43 (1976). The Seventh Circuit has held that sanctions should be proportionate with the circumstances surrounding the failure to comply

3

with discovery orders. *Barnhill*, 11 F.3d at 1367. Further, the Seventh Circuit has held that a court can impose the severe sanction of default judgment or dismissal with prejudice only if the offending party's conduct evinces willfulness, bad faith, or fault. *Marracco v. General Motors Corp.*, 966 F.2d 220, 224 (7th Cir. 1992).

Under Fed.R.Civ.P. 72, the standard of review employed by the court to review matters determined by a magistrate judge depends on whether the matter is dispositive or nondispositive. Fed.R.Civ.P.72. "[R]esolution of a sanctions request is a dispositive matter capable of being referred to a magistrate judge only under [28 U.S.C.] § 636(b)(1)(B) or § 636(b)(3), where the district judge must review the magistrate judge's report and recommendations *de novo*." *Retired Chi. Police Ass'n v. Firemen's Annuity & Benefit Fund of Chi.*, 145 F.3d 929, 933 (7th Cir. 1998).

Plaintiffs' primary objection to the Report and Recommendation is that Judge Denlow did not employ severe enough sanctions against Bank One. Plaintiffs seek a default judgment in their favor or, in the alternative, the striking of Bank One's affirmative defenses or the issuance of an adverse inference jury instruction. Plaintiffs argue that Bank One's breach of its duty to preserve the documents in question was the result of willful document destruction or bad faith.

Bank One also disagrees with the sanctions recommended by Judge Denlow because, it claims, Plaintiffs failed to show that they were prejudiced by Bank One's failure to locate the missing documents. Bank One also argues that the sanctions proposed by Judge Denlow go far beyond remedying any prejudice suffered by Plaintiffs.

A party's duty to preserve specific types of documents does not arise unless the party controlling the documents has notice of those documents' relevance. *Turner v. Hudson Transit Lines, Inc.*, 142 F.R.D. 68, 72-73 (S.D.N.Y. 1991). Usually, this notice arises from discovery

4

requests or from the complaint. *Cohn v. Taco Bell Corp.*, 1995 WL 519968 at * 5 (N.D. Ill. August 30, 1995).

In securities cases, corporations have a duty to preserve documents pursuant to both the Federal Rules of Civil Procedure and and Public Securities Ligitation Reform Act ("PSLRA"). However, the duty to preserve potentially discoverable information does not require a party to keep every scrap of paper. *Danis v. USN Communications*, 2000 WL 1694325, at *30, * 32 (N.D. Ill. Oct. 20, 2000). Instead, a party is required to keep relevant evidence over which it had control and reasonably knew or could foresee was material to the litigation. *See Marrocco v. General Motors Corp.*, 966 F.2d 220, 224 (7th Cir. 1992).

In this case, the records which Plaintiffs seek were created in December of 1999. Bank One could have reasonably foreseen the relevance of these documents because of the FUSA card member lawsuits on May 28, 1999, the Office of the Comptroller of the Currency's Notice on December 16, 1999, and the filing of the Larson Complaint on April 6, 2000. The Complaint alleged that: 1) FUSA violated Regulation Z and the GAAP; 2) Bank One was not truthful in its public merger disclosures; and 3) the disclosures materially misrepresented FUSA's financial well-being.

We find, as did Judge Denlow, that Bank One was on notice and had a duty to preserve the following documents: 1) the missing underlying data and calculations for the 540 of the Unknown Population estimate under the Pool Approach; 2) the unmitigated underlying data for the 16,450 samples of NPC from internal audits; 3) the complete underlying data for the one million "multipayments;" 4) documents related to the Fix Engine, Events 29 and 29B; and 5) other miscellaneous drafts of relevant documents.

In order to meet its obligations, Bank One needed to create a comprehensive document retention policy to ensure that relevant documents were retained and needed to disseminate that policy to its employees. *See In re Prudential Ins. Co. of Am Sales Practices Litig.*, 169 F.R.D. 598, 615 (D.N.J. 1997). We find, as did Judge Denlow, that Bank One had notice that these categories of documents were relevant and, therefore, it had a duty to retain them. Because Bank One has been unable to produce these documents, we find that it has breached its duty to retain or preserve these relevant documents for several reasons.

First, Bank One did not have a comprehensive document retention policy in place during the Larson litigation. We find, as did Judge Denlow, that the incomplete version of the Iron Mountain policy and the non-final status of the policy referred to in the Disadvantaged Customer Team ("DCT") email suggest that they were not fully adopted or disseminated. Moreover, it took ten months for Bank One to tailor a policy for the Larson litigation, which suggests that the DCT and other teams followed no comprehensive policy for the first year of this litigation.

Next, Bank One should not be allowed to limit the scope of its document retention policies at will. Thus, it is of no consequence whether Plaintiffs have enough data to prove their case and whether further production of these categories of documents will help Plaintiffs prove their case.

Finally, it appears from the record that any policies that Bank One had in place were not properly disseminated to Bank One employees. Several Bank One employees testified that they did not know the missing categories of documents should be retained. Bank One did not make a general dissemination in writing to all employees of the necessity of preserving documents

relating to this litigation, nor did it take any steps to ensure that employees read the electronic version of the policy or that they followed it.

For these reasons, we conclude, as did Judge Denlow, that Bank One breached its duty to preserve documents by failing to establish a comprehensive document retention policy and by failing to properly disseminate the policy to its employees.

Having determined that Bank One breached its duty, we turn to the issue of sanctions. We believe that Judge Denlow was correct in his assessment that Bank One's conduct evinces fault, but not willful destruction of documents or bad faith. While the loss of several categories of documents reflects poor judgment, and the failure to create and disseminate a comprehensive document retention policy constitutes negligence on the part of Bank One, there is no evidence that Bank One willfully destroyed any documents.

Next, we turn to the issue of the prejudice Plaintiffs will suffer due to Bank One's breach. The Seventh Circuit has held that, although prejudice is not an element in imposing sanctions, the Court should consider the prejudice to the non-offending party's claim. *See, e.g., Marrocco,* 966 F.2d at 225. To suffer substantive prejudice due to spoliation of evidence, the lost evidence must prevent the aggrieved party from using evidence essential to its underlying claim. *Langley by Langley v. Union Elec. Co.,* 107 F.3d 510, 515 (7th Cir. 1997).

In this case, Plaintiffs' expert, Dr. Hitzig claims that, without the underlying data and calculations, he cannot precisely estimate how much Old Banc One/ First Chicago overstated the financial condition of FUSA in its merger proxy/prospectus. We agree with Judge Denlow's conclusion that, without an appropriate estimate by Dr. Hitzig, Plaintiffs' case is prejudiced with regard to the determination whether Bank One materially misstated FUSA's financial well-being.

Because parties must be allowed to prosecute a case based on their chosen theory in light of all relevant evidence, we find that Plaintiffs' case has been substantively prejudiced.

Finally, we find, as did Judge Denlow, that the "draconian" sanction of a default judgment is not warranted in this case. This is not a case in which a party is prevented from presenting its case due to missing evidence, and this case can still be tried on its merits. In this instance, lesser sanctions can ameliorate the prejudice suffered by Plaintiffs, thus complying with the Seventh Cicuit's requirement that a sanction be proportionate to the discovery violation. *See Langley*, 107 F.3d at 515.

For these reasons, we agree with Judge Denlow's recommendation that Bank One be prevented from cross-examining Dr. Hitzig. The jury shall be instructed as to this limitation and the reason for its existence. Such an instruction will both remedy prejudice to plaintiffs and allow the case to be decided on the merits.

Finally, we agree with Judge Denlow's recommendation that Plaintiffs' request for attorneys fees be denied without prejudice. It may be renewed at the end of the case. At that time, the parties and the Court will be in a better position to evaluate the impact of Bank One's failure to preserve the documents at issue.

## CONCLUSION

For the foregoing reasons, the Court adopts in full Magistrate Judge Denlow's Report and Recommendation regarding Plaintiffs' motion for sanctions due to spoliation of evidence. Plaintiffs' motion for sanctions is granted in part and denied in part. Plaintiffs' objections to the Report and Recommendation are denied, and Bank One's response is denied.

8

The following motions are denied as moot: Bank One's motion to toll the time for filing objections to the Report and Recommendation; Bank One's motion to extend the time to file its response to Plaintiffs' objections; and Plaintiffs' motion to strike portions of Bank One's response.

It is so ordered.

_____
Wayne R. Andersen
United States District Court

Dated: *December 8, 2005*