UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE OLD BANK ONE SHAREHOLDERS SECURITIES LITIGATION ) ) ) ) | Master File No. 00 C 2100<br>Judge Wayne R. Andersen |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the Motion to Intervene filed by the Colorado Public Employees' Retirement Association ("CoPERA"). For the following reasons, the Motion to Intervene is denied.

## BACKGROUND

This litigation challenged the disclosures in the Merger Registration Statement and Proxy/Prospectus for the October 2, 1998 merger of Banc One Corporation ("Old Banc One") and First Chicago NBD. The Complaint alleged that, at the time of the merger, an important contributor to Banc One's earnings, Banc One's First USA credit card subsidiary, had significant problems regarding credit card processing and customer attrition. Named Plaintiffs claimed that the disclosure of the risks and uncertainties should have been made in the offering documents for the merger but were not made and that the newly merged entity, Bank One, and several of its Directors were liable as a result.

One of the claims pursued by the Named Plaintiffs was based on their status as "Early Purchasers" of Old Banc One. Early Purchasers were defined as those persons who bought Old Banc One stock prior to August 6, 1998. On April 29, 2004, before any ruling on class certification, we granted partial summary judgment in favor of Bank One, thereby dismissing the claims of the Named Plaintiffs who were Early Purchasers of Old Banc One stock.

Class Counsel proceeded to certify a class based on this Court's April 29, 2004 summary judgment ruling (thereby abandoning the claims of the Early Purchasers), which this Court approved on November 11, 2004. Years of hard-fought, protracted litigation ensued thereafter, culminating in a settlement between the Class and the Bank mere weeks before the start of trial. This settlement was preliminarily approved on September 19, 2007 and an Order of Final Judgment and Dismissal was entered on December 6, 2007.

On December 14, 2007, CoPERA filed a Motion to Intervene based on its status as an alleged Early Purchaser. CoPERA seeks to intervene and stand in the shoes of the Named Plaintiffs in order to appeal this Court's April 29, 2004 grant of partial summary judgment dismissing some of the alleged claims of the Named Plaintiffs. This motion comes over three years after CoPERA had knowledge that it was no longer part of any proposed or certified Class, almost one year after it had receipt of the published notice regarding the pendency of the narrowed certified Class, and weeks after the Order of Final Judgment and Dismissal was signed.

## DISCUSSION

Under the Federal Rules, there are two types of intervention: interventions as of right and permissive interventions. Fed. R. Civ. P. 24. CoPERA cannot avail itself of either one, and its Motion to Intervene is denied.

### I.    CoPERA Is Not Entitled to Intervene as of Right

Intervention as of right under Rule 24(a) is permitted where the movant shows: (1) timeliness; (2) an interest relating to the subject matter of the main action; (3) at least potential impairment of that interest if the action is resolved without the intervener; and (4) lack of adequate representation by existing parties. *Jones v. GES Exposition Servs., Inc.*, No. 02 C 6243, 2004 WL 2011396, *8 (N.D. Ill. Sept. 7, 2004). The burden is on the movant to demonstrate it meets these criteria. *Id.*

2

## A. CoPERA's Motion to Intervene Is Not Timely

The test for timeliness is "essentially one of reasonableness: potential interveners need to be reasonably diligent in learning of a suit that might affect their rights, and upon so learning they need to act reasonably promptly." *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995). Four factors are considered in determining whether a motion to intervene is timely: (1) the length of time the intervener knew or should have known of his or her interest in the case; (2) the prejudice to the original party caused by the delay; (3) the resulting prejudice to the intervener if the motion is denied; and (4) any unusual circumstances. *Ragsdale v. Turnock*, 941 F.2d 501, 504 (7th Cir. 1991).

### 1. CoPERA Was On Notice that Its Interests Were No Longer Represented on April 29, 2004

A review of the relevant events in this case reveals that CoPERA's Motion to Intervene is far from timely. CoPERA concedes that its interests were not being represented when the Court granted summary judgment on April 29, 2004. *See* Mot. to Intervene at 7 ("Indeed, until the entry of the Summary Judgment Decision on April 29, 2004, CoPERA continued to have its interests represented."). CoPERA also concedes that class certification had not yet been granted at that time, and was in fact not granted until months later, on November 4, 2004. *Id.* at 3. CoPERA was thus not only able to intervene after the partial denial of summary judgment, it was also able to assert its own action at that time because the grant of summary judgment did not bind the proposed class. *See, e.g., American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 561 (1974); *Stone Container Corp. v. United States*, 229 F.3d 1345, 1354 (Fed. Cir. 2000). Nevertheless, it made the strategic decision to wait over three years to intervene, until after settlement and after entry of an Order of Final Judgment. This is far too long to be considered timely. *See, e.g., People Who Care v. Rockford Bd. of Educ.*, 68 F.3d 172, 175-76 (7th Cir.

1995) (finding motion to intervene untimely where the intervener waited three years from the time he was aware of his interest to file motion); *Ragsdale*, 941 F.2d at 504 (motion to intervene after a settlement has been entered not considered timely).

## 2. CoPERA's Claim Is Time-Barred

Because CoPERA waited until this late date, its Motion to Intervene is also untimely because it is barred by the one-year statute of limitations pursuant to 15 U.S.C. § 77(m) (1998). *See, e.g., Smith v. Pennington*, 352 F.3d 884, 896 (4th Cir. 2003) (finding motions for intervention untimely because the intervenors' claims were time-barred). The Supreme Court has explained that the commencement of a class action tolls the relevant statute of limitations for putative class members only until such time as they receive notice they are not part of the class. *American Pipe*, 414 U.S. at 561 ("The class suit brought by Utah was filed with 11 days yet to run in the period as tolled by § 5(b), and the intervenors thus had 11 days after the entry of the order denying them participation in the suit as class members in which to move for permission to intervene.").

Here, the statute of limitations began running at the latest in November 1999, the date of the announcement that earnings would be fifteen percent lower than revised expectations due to the performance of the Bank's credit card division. The statute of limitations was then tolled five months later when Plaintiffs filed suit on April 6, 2000. CoPERA knew in April 2004 when partial summary judgment was granted, and at the latest when the class was certified on November 4, 2004, that it was a member of the certified class of Late Purchasers and that the claims of the Named Plaintiffs relating to Early Purchasers had been dismissed. The clock began running again at that time. The seven months remaining from the one-year statute of limitations for CoPERA's Section 12(b)(2) claim expired in June 2005 at the very latest. Therefore, CoPERA's Motion to Intervene is untimely because its claim is time barred.

4

### 3. Bank One Will be Prejudiced by CoPERA's Delayed Intervention

Finally, CoPERA's Motion is untimely because of the prejudice to Bank One caused by its delay. *Ragsdale*, 941 F.2d at 504. The Bank could not have expected that an unnamed Early Purchaser who never previously participated in this litigation would be allowed to intervene in this action, effectively stepping in the shoes of the Named Plaintiffs for purposes of appealing the Court's summary judgment decision. Indeed, CoPERA had no standing to step in the shoes of the Named Plaintiffs because the class had not yet been certified. *Glidden v. Chromalloy Am. Corp.*, 808 F.2d 621, 625 (7th Cir. 1986).

For the Bank to settle, and then have this case reopened, would result in obvious and substantial prejudice to the Bank. *See Ragsdale*, 941 F.2d at 504 ("Once parties have invested time and effort into settling a case it would be prejudicial to allow intervention."); *United States v. City of Chicago*, 908 F.2d 197, 199 (7th Cir. 1990) ("A case may never be resolved if another person is allowed to intervene each time the parties approach resolution of it."). While CoPERA's delayed motion for intervention would greatly prejudice the Bank, there is no prejudice to CoPERA, as it has no standing to appeal in the first instance and its Complaint-In-Intervention is time-barred. Regardless, any perceived "prejudice" to CoPERA is the result of its own inaction.

For all of these reasons, the Motion to Intervene is untimely and CoPERA cannot intervene as of right.

### II. Permissive Intervention Is Not Warranted

Permissive intervention under Rule 24(b) is wholly within the district court's discretion. Permissive intervention is proper if the movant shows (1) it shares a common question of law or fact with a party; (2) its application is timely; and (3) the court has independent jurisdiction over

5

the claims. *Security Ins. Co. of Hartford*, 69 F.3d at 1381; Fed. R. Civ. P. 24(b). As previously discussed, CoPERA's Motion is far from timely, and permissive intervention is therefore not warranted. *See, e.g., Discovery Zone*, 181 F.R.D. at 599 ("the timeliness requirements are more stringently applied in permissive intervention cases"); *Smith*, 352 F.3d at 896 (4th Cir. 2003) (denying motion for permissive intervention where claims were time-barred); *Sachs v. Reef Aquaria Design Inc.*, No. 06 C 1119, 2007 WL 2973841, *4 (N.D. Ill. Oct. 5, 2007) (finding movant who did not meet timeliness requirements for purposes of intervention as of right also could not meet timeliness requirement for permissive intervention).

For these reasons, we deny CoPERA's request to intervene under the permissive intervention doctrine.

### III. Grant Of Partial Summary Judgment Was Proper

As noted, CoPERA seeks to intervene in this action in order to appeal our April 29, 2004 ruling in which we granted partial summary judgment in favor of Bank One, thereby dismissing the claims of the Named Plaintiffs who were Early Purchasers of Old Banc One stock. We found that "the early-purchasing Old Banc One shareholders cannot, as a matter of law, satisfy the material fact element of Section 771 because, even if it can be proven that the Bank One Prospectus contained 'untrue statements,' such misstatements could not have been material to the early-purchasing Old Banc One shareholders." (April 29, 2004 Summary Judgment Order) This Court believes that said ruling was correct and, if called upon to review this order, we would again rule in favor of Bank One.

### CONCLUSION

For the foregoing reasons, CoPERA's Motion to Intervene on Behalf of Itself and "Early Purchasers" of Old Banc One Common Stock is denied.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: December 28, 2007